IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT WESTEFER, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL NO. 00-162-GPM |
| ) | |
| **DONALD SNYDER, et al.,** ) | |
| ) | |
| Defendants. ) | |

# ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on the mandate issued by the Seventh Circuit Court of Appeals. In accordance with the mandate (Doc. 117), the "litigation Plaintiffs'" retaliation claims and all Plaintiffs' due process claims are reinstated and will proceed to jury trial to be set by separate notice. For clarity, the following Plaintiffs' due process claims are pending and the Court's docket shall so reflect: Robert Westefer, Mark Von Perbandt, Alejandro Villazana, Armando Tinajero, Corey A. Taylor, Michael Sparling, Joe Sorrentino, Anibal Santiago, Tyshawn Ross, Edward Rodriguez, Vincente Rodriguez, Vincent Reyna, Alex Muller, William Lasley, Ted Knox, Michael Johnson, Eugene Horton, George Harper, Timothy Hall, John Gill, Larry Gambrell, Larry Foutch, Robert Felton, Kennard Combs, Maurice Coleman, Laverne Clayton, Gary Clark, Marcus Chapman, Ronnie W. Carroll, Roosevelt Burrell, Finner Bryant, Larry Brown, and Aryules Bivens. The following "litigation Plaintiffs'" retaliation claims are pending: Mark Von Perbandt, Corey A. Taylor, Michael Sparling, Joe Sorrentino, Anibal Santiago, Edward Rodriguez, Vincente Rodriguez, William Lasley, Ted Knox, Eugene Horton, George Harper, Robert Felton, Kennard Combs,

Laverne Clayton, Marcus Chapman, Ronnie W. Carroll, Roosevelt Burrell, and Aryules Bivens.[1]

In its opinion, the Court of Appeals specifically reversed this Court's dismissal of Anibal Santiago's retaliation claim for failure to exhaust his administrative remedies. *Westefer v. Snyder*, 422 F.3d 570, 581 (7th Cir. 2005). By extension, his due process claim shall proceed as well. These claims have been reinstated in this action pursuant to the Court of Appeals' mandate. Therefore, this Court will not concern itself with the status of these claims as they relate to civil action 02-1060-GPM, in which an appeal is pending. The Court presumes that, if Santiago pursues his appeal, any mandate issued in that case will be consistent with the one issued in this case.

**IT IS SO ORDERED.**

DATED: 10/31/05

                                                      s/ G. Patrick Murphy
                                                      G. PATRICK MURPHY
                                                      Chief United States District Judge

---

[1] The Court does not reinstate any of Milton Smith's claims because they were dismissed without prejudice upon his own motion in October 2000 (*see* Docs. 30-32).