IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WESTEFER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.  3:00-cv-162-GPM |
| ) | |
| DONALD D. SYNDER, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiffs request that, in light of the Seventh Circuit's opinion in Westefer v. Snyder, 422 F.3d 570 (7th Cir. 2005), the Court vacate its Order (Dkt.106) which denied plaintiffs' motions to overrule defendants' objections to plaintiffs' first document request (Dkt. 63), plaintiffs' second request for documents (Dkt. 90), and plaintiffs' second set of interrogatories (Dkt. 99). Plaintiffs contend that, applying the Seventh Circuit's opinion, defendants should be required to answer these discovery requests as they are relevant to claims which the Seventh Circuit has now ruled are properly before this Court and that defendants have not carried their burden of presenting evidence to support their objections on security grounds.

Defendants contend that the plaintiffs are merely rehashing an argument that it has made previously to the Court and that the Court should not disturb a prior ruling.  The defendants argue that  Westerfer, does not question the correctness of Chief Judge Murphy's ruling. (Defendants' Brief at p.3, lls. 1- 4).  Additionally, defendants argue that compliance with plaintiffs' requests would be unreasonably burdensome and that the evidence would be irrelevant.

On March 7, 2006, this Court held a hearing on this motion. Alan Mills appeared for the plaintiffs and Terrence J. Corrigan and Chris L. Higgerson appeared for the defendants. After that hearing the Court took the motion under submission. For the reasons stated below plaintiffs' motion is found to be **MOOT** in part and is **GRANTED IN PART** (Doc. 120).

## THE TRANSFER PACKETS

At issue are the Plaintiffs' request for the transfer packets[1] of all inmates considered for transfer to Tamms. During the hearing of March 7, 2006, the parties informed the Court that they had reached an agreement as to the production of the transfer packets by the defendants to the plaintiffs. The defendants agreed to produce the packets for approximately 20 inmates that had been considered for transfer but had not been transferred to Tamms. The plaintiffs characterized this agreement as a "start," and noted that they may return to the Court with this issue in the future. However, the Court notes that as of the date of this order the plaintiffs have made no filings to the Court that involve the transfer packets. Based upon the parties representations to the Court at the March 7th hearing, the Court finds the issue of production the transfer packets to the plaintiffs by the defendants as to Dkt. 90 is **MOOT**.

## GANG INFORMATION

The more troubling issue is the plaintiffs' request for production of gang information. At the March 7th hearing the plaintiffs identified three specific categories of documents that they are seeking. First, they ask for the documents supporting the designation of the named plaintiffs as gang members in their transfer packet. Second, reports that IDOC put together identifying the

---

[1] These transfer packets were made up by IDOC for each prisoner it considered for transfer to Tamms, the so-called supermax facility.

alleged leaders of each prison gang.² Third, plaintiffs ask for documents that support defendants' contention that turning over the requested discovery could constitute a security issue.

Plaintiffs seeks certain discovery to support their theory that the plaintiffs were transferred to Tamms not because they were members of a gang but because they were litigious. In support of their allegations, the plaintiffs seek certain information regarding gangs in Illinois state prisons. Specifically, as outlined above, the plaintiffs seek information that defendants contend is only contained in the gang intelligence files of IDOC. The defendants object to the production of the these documents as "irrelevant." Specifically, defendants argue that these issues have previously been ruled on by Chief Judge Murphy and therefore, are the law of the case.

What defendants fail to address is the 7th Circuit's opinion in <u>Westefer</u>. In <u>Westefer</u>, the Court specifically stated that Chief Judge Murphy should have considered the plaintiffs' argument that the information contained in their placement forms was false when considering the motion for summary judgment. <u>Id.</u> at 584. It necessarily follows that if the information was relevant to determine a motion for summary judgment, it is relevant to determine the factual issues in the entire case.

The problem is therefore in what manner are the plaintiffs entitled to the information and what means does the Court use to insure that the defendants' security concerns are fully addressed. The defendants' attorney alleges that the information is so sensitive, IDOC has never even shared it with its own attorneys (Tr. of March 7th hearing at 21). Defendants have in

---

² Plaintiffs contend this document is required to be produced to the Illinois Legislature each year pursuant to statute.

previous cases provided an in camera sampling of these files for the Court to inspection (Id.). The Court is at a disadvantage to even determine what can be produced to the plaintiffs and in what form because defendants contend that even explaining the process would compromise security. This Court is mindful of the security problems that gangs present in prisons.[3] To that end, IDOC is **ORDERED** to produce for an in camera inspection by this Court by August 21, 2006, to the extent that any such documents exists, the documents supporting the designation of the named plaintiffs as gang members in their transfer packets, any reports that IDOC put together identifying the alleged leaders of each prison gang for the period 2000 through the present, and any documents that support IDOC's contention that turning over the requested discovery could constitute a security issue. In the event that such production is voluminous, IDOC is permitted to produce a representative sample of the documents. After review of the documents and based upon the security issues raised by the parties, the Court will determine what documents will be produced to the plaintiffs.

**DATED: July 20, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[3] All the parties and this Court agree that gangs are a problem in Illinois prisons.