IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WESTEFER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL NO. 00-162-GPM |
| | ) |
| DONALD SNYDER, *et al.*, | ) Consolidated with: |
| | ) CIVIL NO. 00-708-GPM |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on motions filed by Plaintiff Class and *pro se* Plaintiff Corey A. Taylor. The motions filed by Plaintiff Taylor are denied, and the discovery motion filed by Plaintiff Class is granted in part and denied in part.

<u>Motion to Compel filed by Plaintiff Class</u>

The Court previously certified a class of "[a]ll inmates who have been transferred to Tamms Correctional Center since January 1, 1998, and all prisoners who will be transferred to Tamms in the future" to prosecute Plaintiffs' request for declaratory and injunctive relief on their due process claim (*see* Doc. 156). Plaintiff Class moves to compel four categories of discovery from Defendants: (1) the opportunity to inspect, videotape, and photograph areas within Tamms and other Illinois Department of Corrections (IDOC) facilities; (2) training materials for Tamms personnel; (3) videos showing the day to day conditions at Tamms and other IDOC facilities; and (4) rules governing the operation of Tamms and other IDOC facilities. This motion (Doc. 214) is **GRANTED in part and DENIED in part** as follows.

Insofar as Plaintiff Class requests the opportunity to inspect the various prisons, that request is denied. With respect to the first and third categories of materials, however, Defendants will, themselves, obtain videotapes and photographs of the cells, the cell doors, the recreation yards, and the visiting rooms at Tamms and will provide them to Class Counsel within 30 days. The request for documents illustrating the layout of the cells is granted in part and denied in part, such that Defendants will provide a copy of emergency exit maps or such portions of the maps that depict areas routinely used by prisoners at Tamms. Moreover, Defendants will select and provide surveillance images sufficient to show daily operations at Tamms and other IDOC facilities so that they may be compared. It is anticipated that since these images will be used only for illustrative purposes, a few tapes will be sufficient.[1]

With respect to the second and fourth categories of materials, Defendants will produce those regulations and guard orientation materials which only apply to Tamms, including orientation materials given to new Tamms employees that is different from that given to general IDOC employees. Likewise, Defendants shall produce the orientation film that is shown to every prisoner assigned to Tamms.

It is worth noting that these discovery requests that have been resisted can be avoided if, as seems to be the case, the conditions at Tamms constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995); *Westefer v. Snyder*, 422 F.3d 570 (7th Cir. 2005). But Defendants, at this point, continue to resist what at least seems to be obvious (*see* Doc. 148 at

---

[1] The Court is mindful that the requested videotapes and photographs go to the baseline issue, which is a question for the Court in determining the propriety of injunctive relief. The Court likely will do its own inspection if the baseline remains in dispute.

¶ 131), so the requested discovery is in order.

The Court is sensitive to the security considerations that are clearly substantial and must be taken into account. It is for this reason that the Court orders the prison officials to provide the materials to which Plaintiff Class is entitled, thereby mitigating these concerns. The "attorneys' eyes only" protective order previously entered remains in effect.

<u>Plaintiff Taylor's Motion for Stenographer</u>

Plaintiff Taylor, who is proceeding *pro se* on his retaliation claim, moves for appointment of a certified stenographic reporter so that he may depose Defendants. Under Federal Rule of Civil Procedure 30(b)(3)(A), the party noticing the deposition bears the costs of recording said deposition. Nothing in the statute governing *in forma pauperis* proceedings requires the Court to pay, or waive, the discovery costs of an *in forma pauperis* litigant. *See, e.g.,* 28 U.S.C. § 1915(c), (d); *McNeil v. Lowney*, 831 F.2d 1368 (7th Cir. 1987) (affirming denial of appointment of counsel, affirming denial of request for issuance of subpoenas to compel testimony, and finding that the district court had no authority to waive witness fees for indigent inmate, where the prisoner plaintiff was able to present the essence of his case from other sources). Plaintiff Taylor has failed to sufficiently show that written discovery, i.e., interrogatories, requests for admissions, and requests for production of documents, are insufficient to obtain the information sought by deposing the various prison officials. Moreover, the interest in preserving institutional security is outweighed by Plaintiff Taylor's request for depositions of correctional facility employees. Accordingly, the motion for appointment of a certified stenographic reporter (Doc. 210) is **DENIED**.

Plaintiff Taylor's Motion to Strike June 9, 2008, Status Conference

The Court held a status conference on June 9, 2008, and Plaintiff Taylor appeared by telephone. Plaintiff Taylor moves to strike the proceedings as having occurred *ex parte* because he "was present for all of three minutes (tops) wherein Judge Murphy simply advised Plaintiff that his claim is 'expected to go to trial early next year.'" Class Counsel was allowed to withdraw from representing Plaintiff Taylor on his retaliation claim. Plaintiff Taylor was not allowed, however, to opt out of the certified class in prosecuting his due process claim. (*See* Doc. 169). It is true that the Court excused Plaintiff Taylor from the status conference after addressing his retaliation claim. The Court then proceeded with the status conference on the other claims with Class Counsel and Defendants' counsel present in person. Plaintiff Taylor could not add anything to the proceedings, and there was no reason to keep him on the line. His motion to strike the proceedings (Doc. 232) is **DENIED**.

This matter remains set for final pretrial conference on April 6, 2009, during which Plaintiff Taylor will again appear by telephone for whatever portion of the conference pertains to his retaliation claim.

**IT IS SO ORDERED.**

DATED: 03/31/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge