IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT WESTEFER, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) CIVIL NO. 00-162-GPM |
| | ) |
| **DONALD SNYDER, et al.,** | ) Consolidated with: |
| | ) CIVIL NO. 00-708-GPM |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion in limine brought by Defendants Donald Snyder, Odie Washington, Michael V. Neal, George DeTella, Michael O'Leary, Thomas Page, Dwayne Clark, Rodney Ahitow, and Jerry Gilmore (Doc. 398). In the motion Defendants seek to exclude in limine various categories of evidence that may be offered at trial on the claims of retaliatory transfer to Tamms Correctional Center ("Tamms") asserted by Plaintiffs Mark Von Perbandt, Michael Sparling, Joe Sorrentino, Vincente Rodriguez, Edward Rodriguez, William Lasley, Ted Knox, Eugene Horton, George Harper, Robert Felton, Kennard Combs, Laverne Clayton, Mary Chapman as the administrator of the estate of Marcus Chapman, Roosevelt Burrell, Aryules Bivens, and Bennie Cunningham. Plaintiffs have not yet responded to the motion, as the time for a response has not yet expired. However, trial on Plaintiffs' retaliation claims is scheduled to begin November 2, 2009, three days from now, and, in any event, the Court believes the proper disposition of Defendants' motion in limine is clear. Accordingly, the Court now rules as follows.

The first category of evidence sought to be excluded in limine by Defendants is evidence not disclosed by Plaintiffs in responses to contention interrogatories served by Defendants in 2001. It appears the evidence at issue concerns three cases brought by Plaintiff Sorrentino in the Illinois Court of Claims prior to his transfer to Tamms and one case brought by Plaintiff Sparling in the Illinois Court of Claims prior to his transfer to Tamms.[1] The Court finds that Defendants' request to exclude this evidence in limine is well taken. Plaintiffs' position that the lawsuits at issue were adequately disclosed to Defendants' counsel because the Attorney General of Illinois ("AGI") defended them is unpersuasive, to say the least: obviously it is not the case that every attorney in the AGI's office is aware of every lawsuit among the vast multitudes of lawsuits defended by that office. Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure evidence of the lawsuits that were not disclosed by Plaintiffs in their responses to Defendants' interrogatories will be excluded from evidence at trial. *See Keach v. U.S. Trust Co.*, 419 F.3d 626, 639 (7th Cir. 2005); *David v. Caterpillar, Inc.*, 324 F.3d 851, 856-57 (7th Cir. 2003).

The second category of evidence sought to be excluded in limine by Defendants is evidence of the criminal conviction of Defendant Snyder if Snyder does not testify at trial. This request is well taken and will be granted. If Snyder testifies at trial, the Court will conduct at that time such analysis of the admissibility of evidence of Snyder's conviction as may be required under Rule 609 of the Federal Rules of Evidence. *See Hernandez v. Cepeda*, 860 F.2d 260, 263 (7th Cir. 1988).

---

1. The cases at issue are denominated in an exhibit to Defendants' motion in limine as: *Sorrentino v. State of Illinois*, 97 CC 471, Illinois Court of Claims; *Sorrentino v. State of Illinois*, 97 CC 4381, Illinois Court of Claims; *Sorrentino v. State of Illinois*, 97 CC 1114, Illinois Court of Claims; and *Sparling v. Illinois Department of Corrections*, 95 C 3227, Illinois Court of Claims. *See* Doc. 398-2 at 1.

The third category of evidence sought to be excluded in limine by Defendants is evidence of events occurring after Plaintiffs' transfer to Tamms, in particular the suicide of Marcus Chapman in 2004 while in segregation at Tamms. The evidence at issue is not clearly defined by Defendants and seems to the Court to have potential relevance to the question of the harshness of conditions at Tamms and hence Plaintiffs' damages. Accordingly, the Court denies Defendants' third request for exclusion of evidence in limine and instead will rule on the admissibility of the subject evidence at trial. *See Latham v. Edelbrock Corp.*, Civil No. 07-713-GPM, 2009 WL 3156546, at *2 (S.D. Ill. Sept. 26, 2009) (citing *Juracek v. City of O'Fallon, Ill. Police Dep't*, Civil No. 05-787-GPM, 2007 WL 3407367, at **2-3 (S.D. Ill. Nov. 14, 2007)) ("[W]here the inadmissibility of evidence is not clear before trial, the better practice is to address questions of the admissibility of the subject evidence at trial.").

The fourth category of evidence sought to be excluded in limine by Defendants is evidence of bad acts by officers and employees of the Illinois Department of Corrections ("IDOC") other than Defendants. As with the third category of evidence sought to be excluded in limine by Defendants, the subject evidence is neither clearly defined nor plainly inadmissible for any purpose, and accordingly the Court will rule on the admissibility of the subject evidence at trial.

The fifth category of evidence sought to be excluded in limine by Defendants is evidence of the manner in which the IDOC dealt with members of prison gangs before the opening of Tamms. Apparently Defendants are concerned that Plaintiffs will attempt to elicit at trial evidence that, before the opening of Tamms, the IDOC tolerated gang membership among prisoners, then later punished gang affiliations by transferring gang members to Tamms. The Court agrees that such evidence has no possible relevance in this case. The United States Court of Appeals for the Seventh Circuit

specifically held in this case that Plaintiffs have no First Amendment right to belong to prison gangs, and that decision is, of course, the law of the case. *See Westefer v. Snyder*, 422 F.3d 570, 574-75 (7th Cir. 2005); *Roboserve, Inc. v. Kato Kagaku Co.*, 121 F.3d 1027, 1031 (7th Cir. 1997); *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991). Because Plaintiffs have no First Amendment right to belong to prison gangs, any claim that they were retaliated against for belonging to such gangs necessarily fails. *See Westefer v. Snyder*, Civil Nos. 00-162-GPM, 00-708-GPM, 2009 WL 2905548, at *13 (S.D. Ill. Sept. 4, 2009) (retaliation for activity that is not protected by the First Amendment is not actionable under 42 U.S.C. § 1983). Accordingly, the Court will exclude in limine any evidence of the manner in which the IDOC dealt with members of prison gangs before the opening of Tamms.

      The sixth category of evidence and argument sought to be excluded in limine by Defendants is evidence and argument challenging the validity of disciplinary tickets issued to Plaintiffs and listed in Plaintiffs' transfer packets at the time decisions were taken to transfer Plaintiffs to Tamms. As the Court held recently at the short hearing that was conducted on October 28, 2009, regarding Plaintiffs' motion to exclude in limine evidence of certain Plaintiffs' alleged affiliations with prison gangs (Doc. 364), the evidence relevant to this case concerns the information known to the decision-maker or decision-makers responsible for transferring Plaintiffs to Tamms. *See Caldwell v. City of Elwood, Ind.*, 959 F.2d 670, 672-73 (7th Cir. 1992) (evidence of a person's retaliatory motive is irrelevant if that person is not a decision-maker); *Cusson-Cobb v. O'Lessker*, 953 F.2d 1079, 1081 (7th Cir. 1992) (same). The Court does not intend to preside over an adjudication of the merits of every disciplinary ticket issued to Plaintiffs. Defendants' sixth request for the exclusion of evidence in limine will be granted.

Finally, Defendants request the exclusion in limine of evidence of injuries Plaintiffs attribute to conditions at Tamms. As with the third category of evidence sought to be excluded in limine by Defendants, evidence of events occurring after Plaintiffs' transfer to Tamms such as the suicide of Marcus Chapman, the evidence at issue is potentially relevant to Plaintiffs' damages. Therefore, Defendants' seventh request to exclude evidence in limine will be denied.

To conclude, Defendants' motion in limine (Doc. 398) is **GRANTED in part and DENIED in part**. Defendants' requests to exclude evidence in limine are **GRANTED** with respect to: evidence not disclosed by Plaintiffs in responses to contention interrogatories; evidence of the criminal conviction of Defendant Snyder if Snyder does not testify at trial; evidence of the manner in which the IDOC dealt with members of prison gangs before the opening of Tamms; and evidence and argument challenging the validity of disciplinary tickets issued to Plaintiffs and listed in Plaintiffs' transfer packets at the time decisions were taken to transfer Plaintiffs to Tamms. Defendants' requests to exclude evidence in limine are **DENIED** with respect to: evidence of events occurring after Plaintiffs' transfer to Tamms, in particular the suicide of Marcus Chapman; evidence of bad acts by officers and employees of the IDOC other than Defendants; and evidence of injuries Plaintiffs attribute to conditions at Tamms.

**IT IS SO ORDERED.**

DATED: October 30, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge