IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT WESTEFER, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) CIVIL NO. 00-162-GPM |
| | ) |
| **DONALD SNYDER, et al.,** | ) Consolidated with: |
| | ) CIVIL NO. 00-708-GPM |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion in limine brought by Defendants Donald Snyder, Odie Washington, Michael V. Neal, George DeTella, Michael O'Leary, Thomas Page, Dwayne Clark, Rodney Ahitow, and Jerry Gilmore (Doc. 464). In this case Plaintiff Mark Von Perbandt alleges that, while he was an inmate in the custody of the Illinois Department of Corrections ("IDOC"), Defendants Washington and O'Leary, as officials of the IDOC, retaliated against Von Perbandt for challenging his transfer to out-of-state prisons by transferring Von Perbandt to the closed maximum security prison at the Tamms Correctional Center.[1] Trial on Von Perbandt's retaliation claim is set to begin November 30, 2009. Defendants have moved to exclude in limine certain evidence sought to be offered by Von Perbandt's counsel at trial on Von Perbandt's retaliation claim. The evidence at issue appears to be testimony

---

1. According to records of inmates in IDOC custody maintained online by the agency at http://www.idoc.state.il.us/subsections/search/default.asp, which the Court can judicially notice, *see United States v. Johnson*, Criminal No. 08-30236-GPM, 2009 WL 3824583, at *1 (S.D. Ill. Nov. 15, 2009); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006), Von Perbandt currently is on parole from IDOC custody.

by Harold Winston, a public defender in Cook County, Illinois, who represented Von Perbandt in post-conviction proceedings, and certain letters that Winston wrote to Defendants O'Leary and Neal concerning Von Perbandt's transfer to out-of-state prisons.

As an initial matter, the Court concludes that Winston's testimony and his letters to O'Leary and Neal should not be excluded at trial because Von Perbandt's counsel failed to disclose this evidence in supplemental answers to interrogatories. *See* Fed. R. Civ. P. 26(a)(1)(A), (e)(1); Fed. R. Civ. P. 37(c)(1). It appears from the record that Von Perbandt's counsel have furnished to Defendants' counsel all relevant letters from Winston to O'Leary and Neal at the earliest practicable opportunity, and that Defendants' counsel have had a full and fair opportunity to cross-examine Winston. Under these circumstances, the Court does not find that prejudice or surprise to Defendants or disruption at trial will ensue if the subject evidence is admitted at trial, nor does the Court find that the failure of Von Perbandt's counsel to supplement their answers to interrogatories was the result of bad faith or willfulness. *See Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Accordingly, the Court declines in its discretion to exclude Winston's testimony and his letters to O'Leary and Neal at trial on Von Perbandt's retaliation claim as a discovery sanction under Rule 26(a) and Rule 37(c) of the Federal Rules of Civil Procedure.

Turning next to the issue of the relevance of the subject evidence, it appears to be undisputed that Winston did indeed address certain letters to O'Leary and Neal concerning Von Perbandt's transfer to out-of-state prisons. The law, presumes, of course, that a letter properly mailed reaches its intended recipient. *See Vincent v. City Colls. of Chicago*, 485 F.3d 919, 922 (7th Cir. 2007) ("Evidence of mailing is evidence of delivery."); *In re Nimz Transp., Inc.*, 505 F.2d 177, 179

(7th Cir. 1974) ("[A] timely and accurate mailing raises a rebuttable presumption that the mailed material was received[.]").  It remains to be seen whether at trial the evidence will show that Winston's letters were not in fact received by their intended recipients or that, notwithstanding proper delivery of the letters, O'Leary and Neal nonetheless lacked actual knowledge of Von Perbandt's objections to being transferred to out-of-state prisons.  *See Hayes v. Potter*, 310 F.3d 979, 982-83 (7th Cir. 2002) (citing *Maarouf v. Walker Mfg. Co.*, 210 F.3d 750, 755 (7th Cir. 2000)) ("We will generally presume timely delivery of properly addressed mail, . . . but in a retaliation case, it is not enough that the decisionmaker should have known about a discrimination complaint; the decisionmaker must have had actual knowledge of the complaint for her decision to be retaliatory.").  At this juncture, however, the Court cannot conclude that Winston's testimony and his letters to O'Leary and Neal are inadmissible for any purpose and accordingly, the Court declines to exclude this evidence in limine.  *See Westefer v. Snyder*, Civil Nos. 00-162-GPM, 00-708-GPM, 2009 WL 3672500, at *1 (S.D. Ill. Oct. 30, 2009) ("[W]here the inadmissibility of evidence is not clear before trial, the better practice is to address questions of the admissibility of the subject evidence at trial."); *Latham v. Edelbrock Corp.*, Civil No. 07-713-GPM, 2009 WL 3156546, at *2 (S.D. Ill. Sept. 26, 2009) (same).

To conclude, for the foregoing reasons Defendants' motion to exclude evidence in limine (Doc. 464) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  November 24, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge