IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WESTEFER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL NO. 00-162-GPM |
| | ) |
| DONALD SNYDER, et al., | ) Consolidated with: |
| | ) CIVIL NO. 00-708-GPM |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on a motion for partial summary judgment brought by Plaintiffs Mark Von Perbandt, Michael Sparling, Joseph Sorrentino, Vincente Rodriguez, Edward Rodriguez, William Lasley, Ted Knox, Eugene Horton, George Harper, Robert Felton, Kennard Combs, Mary Chapman as administrator of the estate of Marcus Chapman, and Roosevelt Burrell (Doc. 377). This case, as has been discussed in prior orders of the Court, is a suit brought by present and former prison inmates in the custody of the Illinois Department of Corrections ("IDOC") challenging their placement at the closed maximum security prison at the Tamms Correctional Center ("Tamms") as violative of their civil rights. *See Westefer v. Snyder*, Civil Nos. 00-162-GPM, 00-708-GPM, 2009 WL 2905548 (S.D. Ill. Sept. 4, 2009); *Westefer v. Snyder*, Civil Nos. 00-162-GPM, 00-708-GPM, 2006 WL 2639972 (S.D. Ill. Sept. 12, 2006). In the instant motion Von Perbandt, Sparling, Sorrentino, V. Rodriguez, E. Rodriguez, Lasley, Knox, Horton, Harper, Felton, Combs, Chapman, and Burrell seek summary judgment on the issue of

whether their claims of discriminatory transfer to Tamms in retaliation for the exercise of First Amendment rights are subject to a defense of failure to exhaust administrative remedies. It appears to the Court that the motion is moot as to the retaliation claims of Von Perbandt, Sparling, V. Rodriguez, E. Rodriguez, Lasley, Horton, Harper, Felton, Combs, and Chapman: after the filing of the instant motion Von Perbandt voluntarily dismissed his retaliation claim with prejudice, and juries returned verdicts adverse to the retaliation claims of Sparling, V. Rodriguez, E. Rodriguez, Lasley, Horton, Harper, Felton, Combs, and Chapman at trial. However, the issue of exhaustion of administrative remedies may not be moot as to the retaliation claims of Sorrentino, Knox, and Burrell, all of whom prevailed on those claims at trial. Having considered carefully the question of partial summary judgment as to the defense of exhaustion of administrative remedies, for the reasons that follow the Court grants summary judgment for Plaintiffs.

## II. ANALYSIS

As an initial matter, the Court notes the standard under which it must consider the instant motion for partial summary judgment. Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(a). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In considering a motion for summary judgment, a court must review the entire record and draw all reasonable inferences in the light most favorable to the non-moving party. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Enquip, Inc. v. Smith-McDonald Corp.*, 655 F.2d 115, 118 (7th Cir. 1981). On summary judgment

a court may not make credibility determinations or weigh the evidence, because these are tasks for a fact-finder. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betaco, Inc. v. Cessna Aircraft Co.*, 32 F.3d 1126, 1138 (7th Cir. 1994). In evaluating a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).[1]

Turning then to the issue of exhaustion of administrative remedies, 42 U.S.C. § 1997e provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also Thornton v. Snyder*, 428 F.3d 690, 693-94 (7th Cir. 2005); *Witzke v. Femal*, 376 F.3d 744, 748 (7th Cir. 2004). The Supreme Court of the United States has held that the "exhaustion requirement applies to all inmate suits about

---

1. The Court notes that no response to the instant summary judgment motion has been filed. Although the local rules of Court permit the Court in its discretion to construe a failure to respond to a motion as assent to the motion, *see* SDIL-LR 7.1(c), the Court does not grant summary judgment for Plaintiffs on the basis of the failure to respond to Plaintiffs' motion. *See Carr v. Whittenburg*, No. 3:01-cv-625-DGW, 2006 WL 1207286, at *2 n.1 (S.D. Ill. Apr. 28, 2006) (citing *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 772-73 (7th Cir. 1997)) (dismissal is not an appropriate sanction for failure to comply with a local rule); *Davis v. Olin Corp.*, No. 05-CV-4001-JPG, 2005 WL 3455120, at *8 (S.D. Ill. Dec. 16, 2005) (citing *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992)) (on summary judgment a court has an independent duty to determine whether a genuine issue for trial exists and may not grant summary judgment merely because a party has failed to respond to a summary judgment motion). *Cf. Kremers v. Coca-Cola Co.*, Civil No. 09-333-GPM, 2009 WL 2365613, at *2 (S.D. Ill. July 24, 2009) (citing *Boeckman v. A.G. Edwards, Inc.*, Civil No. 05-658-GPM, 2007 WL 4225740, at *1 (S.D. Ill. Aug. 31, 2007)) (the fact that parties to a case have cross-moved for partial summary judgment does not relieve a court of its independent duty to ascertain whether a case presents a genuine issue of material fact for trial). However, the absence of a response to the instant motion does affect, of course, the record that is before the Court on the question of partial summary judgment.

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In other words, under Section 1997(e)(a) exhaustion of administrative remedies by a prison inmate suing for an alleged violation of his or her civil rights is "mandatory" and is required for "any suit challenging prison conditions[.]" *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

In accord with the foregoing principles, the United States Court of Appeals for the Seventh Circuit has held that exhaustion of administrative remedies by a prison inmate is a precondition to bringing suit for an alleged violation of the inmate's constitutional rights under 42 U.S.C. § 1983, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. *See Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535-37 (7th Cir. 1999). In this context, exhaustion means "proper exhaustion," that is, a prison inmate must file a timely grievance utilizing the procedures put in place by the prison system, *Woodford*, 548 U.S. at 90, and must "properly take each step within the administrative process[.]" *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Further, exhaustion of administrative remedies is required before a prison inmate may bring a lawsuit challenging the conditions of his or her confinement, even if exhaustion is accomplished during pendency of the case. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez*, 182 F.3d at 535-36. In this instance it is undisputed that this matter is an action brought by prison inmates under 42 U.S.C. § 1983 challenging the conditions of their confinement, and therefore the requirement of exhaustion of administrative remedies under 42 U.S.C. § 1997e(a) is presumptively applicable to their claims.

Failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) is "an affirmative defense that the defendants have the burden of pleading and proving." *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). As the language of the statute makes clear, in order to establish that an inmate plaintiff failed to exhaust administrative remedies, a defendant must first demonstrate that an administrative remedy was available to the inmate. To satisfy this requirement, the defendant must show that the agency in question had authority to provide "some redress" for the wrong alleged by the inmate. *Booth v. Churner*, 532 U.S. 731, 736 (2001). "Without the possibility of some relief, the administrative officers would presumably have no authority to act on the subject of the complaint, leaving the inmate with nothing to exhaust." *Id*. at 736 n.4. *See also Larkin v. Galloway*, 266 F.3d 718, 722 (7th Cir. 2001) ("[E]xhaustion would not be required if . . . the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint[.]"). *Cf. McCoy v. Gilbert*, 270 F.3d 503, 510 (7th Cir. 2001) ("The exhaustion requirement applies whenever there is some administrative process remaining at the prisoner's disposal."). Thus, if an administrative remedy is not available to an inmate asserting a violation of his or her civil rights, the inmate is not required to pursue an administrative remedy before filing suit. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (quoting 42 U.S.C. § 1997e(a)) ("If administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust."); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (an inmate "must exhaust only those administrative remedies that are available to him").

The administrative remedies available to inmates in the custody of the IDOC are contained in Title 20 of the Illinois Administrative Code. *See* Ill. Admin. Code tit. 20, § 504.800 *et seq*. The applicable regulations first require an inmate to speak with a counselor about a complaint. *See id*. § 504.810(a). Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the grievance officer at the inmate's prison within sixty days of the incident. *See id*. The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

*Id*. § 504.810(b). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer . . . . [who] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." *Id*. § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can then file an appeal with the Director of the IDOC through the Administrative Review Board. "If after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." *Id*. § 504.850(a). "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." *Id*. § 504.850(e). "The director shall review the findings and recommendations of the Board and make a final determination

of the grievance with 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." *Id*. § 504.850(f). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006); *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002).

In this instance, Plaintiffs raise two challenges to the defense of exhaustion of administrative remedies: that the defense has been waived by failure to prosecute it; and that no administrative remedy exhausts by which to grieve placement at Tamms. Turning first to the issue of waiver, the Court does not agree that the defense of exhaustion of administrative remedies has been waived. Under Rule 8 of the Federal Rules of Civil Procedure, of course, a defendant must plead an affirmative defense in response to a preceding pleading. *See* Fed. R. Civ. P. 8(c); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000); *Pinto Trucking Serv. v. Motor Dispatch, Inc*., 649 F.2d 530, 534 (7th Cir. 1981); *Malloy v. Ameritech*, No. CIV 98-488-GPM, 2000 WL 35525477, at *15 (S.D. Ill. Feb. 7, 2000). The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and an opportunity to contest it. *See Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005) (citing *Blonder-Tongue Labs., Inc. v. University of Ill. Found*., 402 U.S. 313, 350 (1971)); *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). In general, a failure to raise an affirmative defense in a responsive pleading operates as a waiver of the defense. *See Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999); *Brunswick Leasing Corp. v. Wisconsin Cent., Ltd.*, 136 F.3d 521, 530 (7th Cir. 1998); *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991). In this case, however, the affirmative defense of exhaustion of administrative remedies was properly and timely raised, and therefore, the Court cannot hold that the exhaustion defense has been waived.

With respect to Plaintiffs' alternative argument against the defense of exhaustion of administrative remedies, that there is no administrative remedy by which to challenge placement at Tamms, the Court concurs. The grievance procedure afforded to inmates in IDOC custody, set out in detail above, does not extend to decisions of the Director of the IDOC. According to IDOC regulations, "The grievance procedure shall not be utilized for complaints regarding decisions that are outside the authority of the Department, such as parole decisions, clemency, or orders regarding length of sentence or *decisions that have been rendered by the Director*." Ill. Admin. Code tit. 20, § 504.810(a) (emphasis added). *See also Westefer v. Snyder*, 422 F.3d 570, 579 (7th Cir. 2005); *Moro v. Winsor*, No. 05-cv-452-JPG, 2008 WL 718687, at *4 (S.D. Ill. Mar. 14, 2008). In this matter, the uncontroverted evidence of record, specifically, the testimony of Terri Anderson, who was designated by the IDOC under Rule 30(b)(6) of the Federal Rules of Civil Procedure as a person knowledgeable about the IDOC's grievance procedure, is that decisions to place IDOC inmates at Tamms are decisions of the Director of IDOC (or the Director's designee) and thus cannot be grieved under IDOC regulations. Because placement at Tamms is a decision of the Director of the IDOC that cannot be challenged through the available grievance process, the Court concludes that no administrative remedy is available as to the retaliation claims asserted in this matter. Therefore, the Court will grant summary judgment for Plaintiffs on the defense of exhaustion of administrative remedies as to their retaliation claims.[2]

---

2.  Although the issue is not squarely before the Court, it should be clear from the foregoing discussion that exhaustion of administrative remedies also is not a defense to the claims for violations of the Fourteenth Amendment right of procedural due process that have been asserted in this matter in connection with the IDOC's procedures for placing inmates at Tamms. Also, because the Court concludes that no administrative remedy is available to

### III. CONCLUSION

The motion for partial summary judgment on the affirmative defense of exhaustion of administrative remedies (Doc. 377) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: January 15, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

challenge placement at Tamms, it is unnecessary for the Court to determine whether the decision of the Seventh Circuit Court of Appeals in *Westefer* is the law of the case as to the issue of exhaustion of administrative remedies by Horton and Felton. In any event, as already has been noted, the retaliation claims of Horton and Felton have been fully adjudicated and decided adversely to them by a jury, so that the issue of exhaustion is moot as to those claims.