**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT WESTEFER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 00-162-GPM** |
| | ) | |
| **DONALD SNYDER, et al.,** | ) | **Consolidated with:** |
| | ) | **CIVIL NO. 00-708-GPM** |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court on the mandate of the United States Court of Appeals for the Seventh Circuit in an appeal by Plaintiff Corey A. Taylor (Doc. 532). On November 10, 2009, Taylor, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed a notice of appeal from an adverse jury verdict on Taylor's claim under 42 U.S.C. § 1983 that he was transferred by IDOC officials to the closed maximum security prison at the Tamms Correctional Center ("Tamms") in retaliation for exercising his First Amendment right to file grievances and lawsuits challenging the conditions of his confinement. On December 7, 2009, Taylor, who is proceeding pro se on his retaliation claim, filed a motion for leave to appeal in forma pauperis. On December 9, 2009, the Court denied Taylor's request for leave to appeal in forma pauperis and certified Taylor's appeal as not taken in good faith because a final judgment has not yet been entered in this case.[1] On January 14, 2010, Taylor moved in the Seventh Circuit Court of Appeals to dismiss

---

1. The Court since has learned that Taylor has three "strikes," meaning, of course, that three civil rights lawsuits filed by Taylor as a prison inmate have been dismissed on threshold review as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See Bridges v.*

his appeal as premature.  On January 15, 2010, the Seventh Circuit Court of Appeals granted voluntary dismissal of Taylor's appeal.  In its mandate the Seventh Circuit Court of Appeals ordered that "the appellant [Taylor] pay the appellate fees of $455 to the clerk of the district court.  The clerk of the district court shall collect the appellate fees from the prisoner's trust fund account using the mechanism of [28 U.S.C. §] 1915(b)."  Doc. 532-1.

By filing a notice of appeal in this case, Taylor incurred an obligation to pay the appellate filing fee of $455.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1913; 28 U.S.C. § 1917; *Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998) (citing *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997)); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *Glass v. Rodriguez*, 417 F. Supp. 2d 943, 949 (N.D. Ill. 2006).  Under 28 U.S.C. § 1915, when a prisoner files a complaint or an appeal in a civil lawsuit, a court is required to assess and, when funds exist, to collect, as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent of the greater of:  (1) the average monthly deposits to the prisoner's account; or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal.  *See* 28 U.S.C. § 1915(b)(1); *Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997).  After payment of the initial partial filing fee, a prisoner is required

---

*Gilbert*, 557 F.3d 541, 545 n.1 (7th Cir. 2009) (citing 28 U.S.C. § 1915A); *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004).  The Court's electronic docket, which the Court can judicially notice, *see Kircher v. Putnam Funds Trust*, Nos. 06-cv-939-DRH, 06-cv-1001-DRH, 2007 WL 1532116, at *1 (S.D. Ill. May 24, 2007), discloses three or more cases in which Taylor has been "struck out," including:  *Taylor v. Snyder*, Civil No. 00-233-WDS (S.D. Ill. Nov. 20, 2001) (order of dismissal pursuant to Section 1915A); *Taylor v. Snyder*, Civil No. 00-83-JLF (S.D. Ill. June 12, 2002) (same); and *Taylor v. Welborn*, Civil No. 00-82-JLF (S.D. Ill. June 17, 2002) (same).  In view of Taylor's "strikes," any further requests by Taylor for leave to proceed in forma pauperis on appeal in this case will be denied.  *See* 28 U.S.C. § 1915(g).

to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2); *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). The agency having custody of a prisoner must forward payments from the prisoner's account to the clerk of the court each time the amount in the prisoner's account exceeds ten dollars until the filing fees are paid. *See* 28 U.S.C. § 1915(b)(2); *Hall v. Stone*, 170 F.3d 706, 707-08 (7th Cir. 1999). In this instance it appears from the inmate trust account statement submitted to the Court by Taylor in support of his motion for leave to proceed in forma pauperis on appeal that Taylor has had funds in his trust account in the six months preceding the filing of his notice of appeal. *See* Doc. 512-1. Accordingly, Taylor cannot be excused from the statutory requirement of an initial partial filing fee payment. *See Newlin*, 123 F.3d at 435 (an inmate who has income and the means to prepay part of the filing fee in a federal civil rights action is required to prepay part of the filing fee).

Unfortunately, on the record before the Court it is not possible to assess the correct initial partial filing fee that Taylor must pay. The statutory six-month period for evaluating an inmate's ability to pay an initial partial filing fee specified in 28 U.S.C. § 1915(b)(1)(B) means, in the particular context of this case, the six-month period that preceded Taylor's filing of his notice of appeal, not the six-month period that preceded Taylor's request for leave to proceed in forma pauperis on appeal. *See Spaight v. Makowski*, 252 F.3d 78, 79 (2d Cir. 2001) (the provision of Section 1915(b)(1)(B) that a court shall collect from a prisoner as a partial payment of any court fees required by law "an initial partial filing fee of 20 percent of . . . the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal" refers to the period immediately preceding the filing of a notice of appeal by a prisoner,

not the six-month period preceding the prisoner's motion for in forma pauperis status).  Here, as discussed, Taylor filed his notice of appeal on November 10, 2009, so that the relevant six-month period for purposes of 28 U.S.C. § 1915(b)(1) is the period from May 10, 2009, until November 10, 2009.  However, the inmate trust account statement that Taylor has filed with the Court encompasses the period from June 3, 2009, until December 3, 2009, shortly before Taylor filed his motion for leave to appeal in forma pauperis on December 7, 2009.  *See* Doc. 512-1.  Thus, on the record before it the Court cannot determine the greater of, on the one hand, the average monthly deposits to Taylor's inmate trust account or, on the other hand, the average monthly balance in Taylor's account for the six-month period immediately preceding the filing of Taylor's notice of appeal, as is required under 28 U.S.C. § 1915(b)(1).

In view of the deficiencies in the record before the Court, it is hereby **ORDERED** that the officials at Tamms shall promptly transmit to the chambers of the undersigned District Judge a statement of Taylor's inmate trust account for the period from May 10, 2009, until November 10, 2009, so that the Court may calculate the correct initial partial filing fee that Taylor must pay under 28 U.S.C. § 1915(b)(1).  The Clerk of Court **SHALL** mail a copy of this Order to the officials at Tamms responsible for maintaining records of inmate trust accounts.

**IT IS SO ORDERED.**

DATED:  January 27, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge