## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT WESTEFER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 00-162-GPM** |
| | ) | |
| **DONALD SNYDER, et al.,** | ) | **Consolidated with:** |
| | ) | **CIVIL NO. 00-708-GPM** |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On January 27, 2010, the Court entered an order directing the officials at the Tamms Correctional Center ("Tamms") responsible for maintaining the records of the inmate trust account of Plaintiff Corey A. Taylor, who currently is incarcerated at Tamms, to submit to the Court a statement of Taylor's inmate trust account for the period from May 10, 2009, until November 10, 2009. *See Westefer v. Snyder*, Civil Nos. 00-162-GPM, 00-708-GPM, 2010 WL 381442, at *2 (S.D. Ill. Jan. 27, 2010). That statement now has been submitted to the Court. *See* Doc. 536. Accordingly, the Court now calculates the initial partial filing fee that Taylor must pay under 28 U.S.C. § 1915(b)(1) in connection with a recent attempt by Taylor to appeal to the United States Court of Appeals for the Seventh Circuit.

As was discussed in the Court's January 27 order, Taylor, by filing a notice of an appeal to the Seventh Circuit Court of Appeals, incurred an obligation to pay out of his inmate trust account an initial partial filing fee of twenty percent of the greater of:  (1) the average monthly deposits to Taylor's inmate trust account; or (2) the average monthly balance in Taylor's inmate trust account

Page 1 of  3

for the six-month period from May 10, 2009, until November 10, 2009, that preceded the filing of

Taylor's notice of appeal.  *See* 28 U.S.C. § 1915(b)(1)(A)-(B); *Westefer*, 2010 WL 381442, at *1.

Once the initial partial filing fee is paid, Taylor is required to make monthly payments of

twenty percent of the preceding month's income credited to Taylor's inmate trust account, and the

Illinois Department of Corrections, as the agency having custody of Taylor, shall forward payments

from Taylor's inmate trust account to the Clerk of Court each time the amount in the account

exceeds $10 until the full $455 filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Westefer*, 2010

WL 381442, at *1.  Based upon the inmate trust account statement that is before the Court,

twenty percent of the average monthly deposits to Taylor's account is $16.66, while twenty percent

of the average monthly balance in the account for the six-month period from May 2009 until

November 2009 is $14.43.[1]  Thus, Taylor's initial partial filing fee is $16.66.

---

1.    The statute, 28 U.S.C. § 1915, does not specify whether, in calculating an inmate's average monthly balance, a court should rely upon opening monthly balances, daily balances, or closing monthly balances.  The Court has used closing monthly balances to compute Taylor's average monthly balance in his inmate trust account for the period from May 2009 until November 2009. Use of closing monthly balances to calculate an inmate's average monthly balance for purposes of Section 1915 seems to be fairly common in the Seventh Circuit.  *See, e.g., Hollimon v. Detella*, No. 96 C 3452, 1997 WL 45309, at *6 (N.D. Ill. Jan. 30, 1997); *Palacios v. Correctional Officer Lamb*, No. 96 C 2472, 1997 WL 43217, at *4 (N.D. Ill. Jan. 27, 1997); *Rivera v. MacAdory*, No. 96 C 4674, 1997 WL 17811, at *4 (N.D. Ill. Jan. 16, 1997); *Handy v. Detella*, No. 96 C 3341, 1997 WL 72024, at *3 (N.D. Ill. Jan. 2, 1997); *King v. Edgar*, No. 96 C 4137, 1996 WL 705256, at *8 (N.D. Ill. Dec. 4, 1996); *Grant v. Detella*, No. 96 C 2727, 1996 WL 680236, at *6 (N.D. Ill. Nov. 21, 1996).  *See also Pinkin v. Ayzenberg*, No. 98 C 5637, 1999 WL 410035, at *1 n.1 (N.D. Ill. May 27, 1999) (observing that, because Section 1915 is ambiguous as to the correct balance to be used to calculate an inmate's average monthly balance, the court's practice is to rely upon average monthly deposits to an inmate's trust account to determine the initial partial filing fee the inmate must pay pursuant to the statute).  In any event, using closing monthly balances to determine Taylor's initial partial filing fee conflicts with neither the language nor the intent of Section 1915.  *See Pinkin*, 1999 WL 410035, at *2 (citing *Pittway Corp. v. United States*, 102 F.3d 932, 936 (7th Cir. 1996)) (in interpreting Section 1915, courts must avoid doing so in a way that achieves results that are clearly contrary to the intent of Congress in enacting the statute).

To conclude, it hereby **ORDERED** that prison officials at Tamms shall deduct the sum of **$16.66** from Taylor's inmate trust account and forward that sum to the Clerk of Court as Taylor's initial partial filing fee.  After payment of the initial partial filing fee, the trust find officer at Tamms is authorized to collect monthly payments from Taylor's inmate trust account in an amount equal to twenty percent of the preceding month's income credited to the account.  Monthly payments collected from Taylor's inmate trust account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $455 filing fee is paid.  All payments shall be sent to United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201, and shall clearly identify Taylor's name and the case number assigned to this action.  The Clerk of Court shall send a copy of this order to the trust fund officer at Tamms.

**IT IS SO ORDERED.**

DATED:  March 26, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge