IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WESTEFER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL NO. 00-162-GPM |
| | ) |
| DONALD SNYDER, et al., | ) Consolidated with: |
| | ) CIVIL NO. 00-708-GPM |
| Defendants. | ) |

# JUDGMENT IN A CIVIL CASE

This matter came on before the Court, Judge G. Patrick Murphy presiding, and the following decisions were reached.

**IT IS HEREBY ORDERED AND ADJUDGED** that, with respect to the retaliation claims of Plaintiffs Aryules Bivens, Roosevelt Burrell, Ted Knox, and Joe Sorrentino, Plaintiffs each shall recover from Defendants Michael V. Neal and Thomas Page the amount of $1.00 with interest at the rate of .28%, along with costs.

**IT IS FURTHER ORDERED AND ADJUDGED** that, with respect to the retaliation claims of Plaintiffs Mary Chapman, as the administrator of the estate of Marcus Chapman, Leverne Clayton, Kennard Combs, Bennie Cunningham, Robert Felton, George Harper, Eugene Horton, William Lasley, Edward Rodriguez, Vincente Rodriguez, Michael Sparling, Corey A. Taylor, and Mark Von Perbandt, Plaintiffs shall recover nothing, their claims shall be dismissed on the merits, and Defendants Rodney Ahitow, Dwayne Clark, George DeTella, Jerry Gilmore, Jack Hartwig. Homer Markel, Richard McVicar, Michael V. Neal, Michael O'Leary, Thomas Page, Donald Snyder, Odie Washington, George C. Welborn, and Angela Winsor shall recover costs from Plaintiffs Chapman, Clayton, Combs, Cunningham, Felton, Harper, Horton,

Lasley, E. Rodriguez, V. Rodriguez, Sparling, Taylor, and Von Perbandt.

**IT IS FURTHER ORDERED AND ADJUDGED** that, with respect to the procedural due process claims of Plaintiffs Aryules Bivens, Larry Brown, Finner Bryant, Roosevelt Burrell, Mary Chapman, as the administrator of the estate of Marcus Chapman, Gary Clark, Leverne Clayton, Maurice Coleman, Kennard Combs, Robert Felton, Larry Foutch, Larry Gambrell, John Gill, Timothy Hall, George Harper, Eugene Horton, Michael Johnson, Ted Knox, William Lasley, Alex Muller, Vincent Reyna, Edward Rodriguez, Vincente Rodriguez, Tyshawn Ross, Anibal Santiago, Joe Sorrentino, Michael Sparling, Armando Tinajero, Alejandro Villazana, Mark Von Perbandt, Robert Westefer, and a class of all inmates in the custody of the Illinois Department of Corrections who have been transferred to the Tamms Closed Maximum Security Facility ("Tamms CMAX") since January 1, 1998, and all inmates in the custody of the Illinois Department of Corrections who will be transferred to Tamms CMAX, injunctive relief is awarded to Plaintiffs and the class as follows:

1. The Chief Administrative Officer of Tamms CMAX shall appoint members of the Transfer Review Committee.

2. The Transfer Review Committee shall conduct Transfer Review Hearings for each inmate transferred to Tamms CMAX.

3. Inmates transferred to Tamms CMAX in Administrative Detention status shall appear before the Transfer Review Committee whenever possible within ten days of placement to participate in a Transfer Review Hearing.

4. Inmates transferred to Tamms CMAX in Disciplinary Segregation status or Investigative status shall appear before the Transfer Review Committee whenever possible

within thirty days of placement or at the conclusion of pending disciplinary proceedings, whichever is later.

      5.    All inmates transferred to the Tamms CMAX in any status (Administrative Detention status, Disciplinary Segregation status, or Investigative status) shall be notified by the Transfer Review Committee in writing of the reason they are being considered for placement at Tamms CMAX at least forty-eight hours in advance of their Transfer Review Hearing.

      6.    Consistent with the procedure set out in Section 505.60 of Title 20 of the Illinois Administrative Code, an inmate placed at Tamms CMAX shall be afforded the opportunity to appear at the Transfer Review Hearing to refute the stated reason for placement at Tamms CMAX, to make statements relevant to the inmate's placement at Tamms CMAX, and to present relevant documents. The inmate may also request that the Transfer Review Committee interview persons with relevant information.

      7.    Inmates who are currently housed at Tamms CMAX, and who were transferred to Tamms CMAX in Disciplinary Segregation status prior to the date of entry of the Court's judgment shall be granted a Transfer Review Hearing that complies with the procedure set out in Section 505.60 of Title 20 of the Illinois Administrative Code within 180 days of the date of entry of the Court's judgment. Priority for the said Transfer Review Hearings shall be given to those IDOC inmates transferred to Tamms in Disciplinary Segregation status the longest. Transfer Review Hearings for all IDOC inmates transferred to Tamms in Disciplinary Segregation status who have been at Tamms CMAX for more than five years shall be completed within ninety days of the date of entry of the Court's judgment.

8. In determining whether to recommend continued placement in Administrative Detention status at Tamms CMAX, the Transfer Review Committee may consider, among other matters, the factors set forth in Section 505.40(d) of Title 20 of the Illinois Administrative Code (the safety and security of the facility, the public, or any person, an inmate's disciplinary and behavioral history, reports and recommendations concerning the inmate, the feasibility of a transfer to another facility, medical concerns, and mental health concerns).

9. An audio digital recording shall be made of all Transfer Review Hearings and shall be retained by the Illinois Department of Corrections pursuant to that agency's standard record retention policy.

10. The Transfer Review Committee shall prepare a written report of each Transfer Review Hearing.

11. The report of the Transfer Review Committee shall contain inmate demographics, the stated reason for placement of an inmate at Tamms CMAX, a summary of the inmate's disciplinary history, the inmate's status (Administrative Detention status, Disciplinary Segregation status, or Investigative status), a record of the proceedings, the inmate's voluntary disclosure to willingly renounce Security Threat Group membership association, and the recommendation of the Transfer Review Committee on placement of the inmate at Tamms CMAX.

12. The report of the Transfer Review Committee regarding placement shall be forwarded to the Chief Administrative Officer of Tamms CMAX for review, approval, or denial.

13. The recommendation of the Chief Administrative Officer of Tamms CMAX regarding placement shall be forwarded to the Chief of Operations of the Illinois Department of Corrections for review and approval or denial.

14. After receipt of the decision of the Chief of Operations of the Illinois Department of Corrections, the Transfer Review Committee shall provide each inmate placed at Tamms CMAX with written notification of the decision on the inmate's placement.

15. The decision of the Chief of Operations of the Illinois Department of Corrections may be appealed by the affected inmate to the Chief Legal Counsel of the Illinois Department of Corrections, who shall act as the designee of the Director of the Illinois Department of Corrections for purposes of such an appeal.

16. With respect to inmates placed at Tamms CMAX in Administrative Detention status, the Transfer Review Committee shall conduct routine reviews and annual Transfer Review Hearings in the manner set out in Section 505.70 of Title 20 of the Illinois Administrative Code.

17. Consistent with 18 U.S.C. § 3626(a)(1)(A), the Court finds that the foregoing grant of equitable relief is narrowly drawn, extends no further than necessary to correct the violation of the Fourteenth Amendment due process rights of IDOC inmates placed at Tamms, and is the least intrusive means necessary to correct the violation of the federal rights of such inmates.

18. The Court will retain jurisdiction over this matter for the purpose of enforcement.

19. Consistent with 18 U.S.C. § 3626(b)(1)(A)(i), this injunction shall terminate

in two (2) years upon the motion of either party unless the Court finds that prospective relief is needed to correct an ongoing violation of a federal right.

**IT IS FURTHER ORDERED AND ADJUDGED** that, with respect to the procedural due process claims of Plaintiffs Aryules Bivens, Larry Brown, Finner Bryant, Roosevelt Burrell, Mary Chapman, as the administrator of the estate of Marcus Chapman, Gary Clark, Leverne Clayton, Maurice Coleman, Kennard Combs, Robert Felton, Larry Foutch, Larry Gambrell, John Gill, Timothy Hall, George Harper, Eugene Horton, Michael Johnson, Ted Knox, William Lasley, Alex Muller, Vincent Reyna, Edward Rodriguez, Vincente Rodriguez, Tyshawn Ross, Anibal Santiago, Joe Sorrentino, Michael Sparling, Armando Tinajero, Alejandro Villazana, Mark Von Perbandt, Robert Westefer, and a class of all inmates in the custody of the Illinois Department of Corrections who have been transferred to Tamms CMAX since January 1, 1998, and all inmates in the custody of the Illinois Department of Corrections who will be transferred to Tamms CMAX in the future, Plaintiffs and the class have failed to show an entitlement to declaratory relief, and their request for such relief is denied.

**DATED**: July 20, 2010

NANCY J. ROSENSTENGEL, CLERK

By: s/Linda M. McGovern
Courtroom Deputy Clerk


APPROVED: /s/ G. Patrick Murphy
G. PATRICK MURPHY
U.S. DISTRICT JUDGE