**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT WESTEFER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 00-162-GPM** |
| | ) | |
| **DONALD SNYDER, et al.,** | ) | **Consolidated with:** |
| | ) | **CIVIL NO. 00-708-GPM** |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court on the "Objection to the Memorandum and Order of Judge
G. Patrick Murphy" brought by Milton Smith, construed by the Court as a motion to intervene
(Doc. 596). Smith is a prisoner in the custody of the Illinois Department of Corrections ("IDOC")
who currently is serving a sentence of sixty years' imprisonment for murder at the closed maximum
security prison ("supermax prison") at the Tamms Correctional Center ("Tamms"). On at least three
prior occasions actions brought by Smith seeking redress from a governmental entity or officer or
employee of a governmental entity have been dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as
frivolous, malicious, or failing to state a claim upon which relief may be granted. *See, e.g., Smith v.
Peters*, Civil No. 95-432-WDS (S.D. Ill. July 25, 1995) (order dismissing case as frivolous); *Smith v.
Welborn*, Civil No. 99-494-GPM (S.D. Ill. Sept. 27, 2000) (order dismissing case for failure to state
a claim upon which relief may be granted); *Smith v. Stephens*, Civil No. 99-533-GPM
(S.D. Ill. Dec. 18, 2001) (order dismissing case as frivolous). Accordingly, pursuant to the so-called
"three-strikes" provision of 28 U.S.C. § 1915, Smith cannot proceed in forma pauperis ("IFP") in

the federal courts without full prepayment of the applicable filing fees unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g); *Taylor v. Watkins*, 623 F.3d 483, 484 (7th Cir. 2010).

In 2000, when these consolidated cases were filed, Smith was a named Plaintiff in *Westefer v. Snyder*, Civil No. 00-162-GPM (S.D. Ill. filed Mar. 7, 2000).  Pursuant to 42 U.S.C. § 1983, Smith alleged on behalf of himself and a proposed class of prisoners in IDOC custody that conditions of confinement at Tamms are such as to create a Due Process liberty interest in avoiding confinement there, and that the IDOC failed to give Smith and other IDOC prisoners notice and an opportunity to be heard before placing them at the supermax prison, in violation of the Fourteenth Amendment. Smith alleged also that he had been transferred from the Menard Correctional Center to the supermax prison at Tamms in retaliation for exercising his First Amendment right to file grievances and lawsuits challenging the conditions of his confinement.  On October 12, 2000, Smith filed a notice of voluntary dismissal of his claims in *Westefer* without prejudice.[1]  It appears from the record and the Court's review of its own electric docket that in 2007 Smith attempted to reassert the Due Process and First Amendment claims he had alleged in *Westefer* in a new action in this Court that was assigned to United States District Judge Michael J. Reagan, *Smith v. Walker*, Civil No. 07-340-MJR (S.D. Ill. filed May 14, 2007).  However, in the period from the time Smith was voluntarily dismissed as a party to *Westefer* to the time Smith filed Case No. 07-340-MJR, Smith had picked up his third "strike" in Case No. 99-533-GPM, which, as already has been noted,

---

1.    Although it appears from the docket of the *Westefer* case that the Court construed Smith's notice of voluntary dismissal as a motion for voluntary dismissal, in fact at the time Smith dismissed his claims in *Westefer* he had the right to do so by notice, as neither an answer nor a motion for summary judgment yet had been filed in *Westefer*.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

was dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) on December 18, 2001. Accordingly, on May 14, 2007, District Judge Reagan denied Smith's request for leave to proceed IFP in Case No. 07-340-MJR, finding that Smith was not under imminent danger of serious physical injury and ordering Smith to pay the applicable $350 filing fee in full within fifteen days. On August 15, 2007, after having granted Smith an extension of time to pay the filing fee in Case No. 07-340-MJR, District Judge Reagan dismissed the case by reason of Smith's failure to pay the filing fee as he had been ordered to do.

Smith now demands to be reinstated as a named Plaintiff in the *Westefer* case, apparently on the theory that, once having been a party to the case, he remains a party. The Court does not agree. The legal effect of Smith's voluntary dismissal of his claims in *Westefer* by notice is to leave those claims as if they "had never been filed." *Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995) (citing Fed. R. Civ. P. 41(a)). *Accord LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) (a voluntary dismissal without prejudice "put[s] the plaintiff in a legal position as if he had never brought the [dismissed] suit"). Still more to the point, the Due Process and First Amendment claims that Smith alleged in *Westefer* and that Smith reasserted in Case No. 07-340-MJR are now barred by claim preclusion. District Judge Reagan dismissed Case No. 07-340-MJR with prejudice by reason of Smith's failure to comply with the judge's order to pay the filing fee in the case. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). A subsequent appeal by Smith from that dismissal likewise was dismissed by the United States Court of Appeals for the Seventh Circuit as a result of Smith's failure to pay the appellate filing fee, and Smith pursued no further relief in the case. In general, of course, a judgment on the merits in

a case is claim-preclusive in an earlier-filed case on the same claim. *See Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999); *Carr v. CIGNA Sec., Inc.*, 95 F.3d 544, 546 (7th Cir. 1996); *Unger v. Consolidated Foods Corp.*, 693 F.2d 703, 705 (7th Cir. 1982). *See also* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4404 (2d ed. 1987 & Supp. 2010) ("If two actions are pursued simultaneously the first judgment to be entered is entitled to res judicata effect without regard to the order in which the two were commenced[.]") (collecting cases). Simply put, Smith has no claims to reinstate in *Westefer*; those claims are dead, killed by the judgment on the merits in Case No. 07-340-MJR.[2]

As a final matter, the Court notes that this is not the first time that Smith has attempted to disrupt these proceedings by seeking to pursue his claims in Case No. 07-340-MJR in this matter. In October 2009 Smith filed a motion to consolidate these proceedings with Case No. 07-340-MJR. *See* Doc. 385. The Court denied the motion on the grounds that District Judge Reagan had dismissed Case No. 07-340-MJR on the merits over two years earlier, noting also that Smith was

---

2. It perhaps is worth noting that, at least with respect to Smith's Due Process claim, that claim is, so to speak, doubly precluded. The Court already has entered a judgment in this case on the claims of a certified class of IDOC prisoners, including Smith, that the IDOC has employed unconstitutionally inadequate procedures when assigning such prisoners to the supermax prison at Tamms, granting injunctive relief on the Due Process claims of the certified class. *See Westefer v. Snyder*, No. CIV 00-162-GPM, CIV 00-708-GPM, 2010 WL 2836800, at **53-55 (S.D. Ill. July 20, 2010). Thus, Smith's Due Process claim, to the extent that it seeks injunctive relief, is precluded by the Court's judgment in this matter, and there is nothing left of any such claim for injunctive relief to adjudicate. *See Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 812 (S.D. Ill. 2002) ("As a general principle, a judgment in a class action is binding as to absent class members.") (collecting cases); *In re VMS Sec. Litig.*, No. 89C9448, 1992 WL 203832, at *3 (N.D. Ill. Aug. 13, 1992) (citing *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 996 (5th Cir. 1981)) (a "class action judgment binds absent class members who filed individual actions prior to final judgment in [the] class action[.]").

attempting to evade the "three-strikes" rule by the device of consolidating struck-out claims with a pending case. *See* Doc. 388. Now Smith is attempting to evade the three-strikes principle that led to the dismissal of his claims in Case No. 07-340-MJR on the merits by trying to intervene in these proceedings, an equally unavailing tactic. *See In re Profiler Prods. Liab. Litig.*, MDL No. 06-1748-GPM, 2010 WL 3613928, at *2 (S.D. Ill. Sept. 8, 2010) (rejecting an attempt by an infamous vexatious prisoner litigant "to evade . . . the so-called 'three-strikes rule,' by trying to intervene in other people's cases"); *Geenen v. Salazar*, Civ. 07-5070-JLV, 2010 WL 3363385, at **1-2 (D.S.D. Aug. 25, 2010) (holding that the same struck-out prisoner litigant's motion to intervene was subject to dismissal under 28 U.S.C. § 1915(g)). Smith's stupid and futile efforts to breathe life into his dead claims in Case No. 07-340-MJR by attempting to press them in this matter are a drain on this Court's resources, which are needed to bring these complex and important proceedings to a successful close. *See Persuad v. United States*, Nos. 04-CV-2862(CBA), 10-CV-0156(CBA), 2010 WL 538823, at *5 (E.D.N.Y. Feb. 11, 2010) ("The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice."). Fortunately, however, the Court is not defenseless against Smith and others of his ilk.

   "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 184 n.8 (1989) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). The Seventh Circuit Court of Appeals has approved the use of filing restrictions against vexatious litigants. *See Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010) (noting that injunctions prohibiting a vexatious litigant from filing new papers except with court approval

"are standard remedies for misconduct in litigation"); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (barring a vexatious pro se litigant from filing new papers in the federal courts of this Circuit for a period of two years); *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) ("Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period."); *Miller v. United States*, 868 F.2d 236, 241-42 (7th Cir. 1989) (upholding a district court's measure requiring a vexatious litigant to obtain prior leave of court before filing new papers); *Lysiak v. C.I.R.*, 816 F.2d 311, 313 (7th Cir. 1987) ("A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court."). In accord with this authority, the Court will impose an appropriate restriction on Smith's ability to file any further papers in these proceedings.

To conclude, Smith's motion to intervene (Doc. 596) is **DENIED**. It is **ORDERED** that henceforth the Clerk of Court shall submit any further papers that Smith may attempt to file in these proceedings to the undersigned United States District Judge for preliminary review before the papers can be filed. If the papers are determined by the undersigned District Judge to be an attempt by Smith to press his claims in Case No. 07-340-MJR in these proceedings, or otherwise are frivolous or vexatious, the Clerk of Court shall return the papers to Smith unfiled. This filing restriction on Smith does not extend to a notice of appeal from this Order.

**IT IS SO ORDERED.**

DATED:  January 1, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge