IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WESTEFER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL NO. 00-162-GPM |
| | ) |
| DONALD SNYDER, et al., | ) Consolidated with: |
| | ) CIVIL NO. 00-708-GPM |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the issue of appointment of a Special Master. On September 30, 2010, the Court, on its own motion, notified the parties that it was considering the appointment of a Special Master to determine the attorneys' fees and costs to be awarded pursuant to 42 U.S.C. § 1988(b) in this case. *See* Doc. 566. The Court invited the parties to comment on the terms of such an appointment. *See id.* The parties have submitted comments on the terms of appointment of a Special Master. *See* Doc. 585, Doc. 586. The Court has conducted a hearing on the issue of appointment of a Special Master. *See* Doc. 597. Having considered the matter carefully, the Court appoints a Special Master as follows.

1.  **Selection of the Special Master:** The Court selects as Special Master in this case attorney Gerald R. Ortbals of the firm of Bryan Cave, LLP, St. Louis, Missouri. Mr. Ortbals is an able civil litigator with an outstanding reputation in the local legal community. He has extensive experience in the area of complex litigation and attorneys' fee awards, and the Court believes that Mr. Ortbals is well suited to serve as a Special Master in this matter.

    2.    **Duties of the Special Master:** The Special Master shall have the following duties in this matter:

    A.    To review Plaintiffs' petition for attorneys' fees and costs (Doc. 569) and all memoranda, responses, objections (including objections, if any, filed by members of the Plaintiff class pursuant to Rule 23(h) of the Federal Rules of Civil Procedure), and reply briefs which have been or may be filed in support of or in opposition to any of these documents.

    B.    If deemed necessary by the Special Master, to hold an evidentiary hearing on the amount of attorneys' fees and costs to be awarded, for the purpose of determining any disputed facts which may be material to that issue.

    C.    To prepare and file with the Court a report and recommendation regarding the amount of attorneys' fees and costs which should be awarded to Plaintiffs.  The Special Master shall attach a copy of any document used as evidence, referenced, or relied upon by the Special Master in issuing the report and recommendation.  No later than thirty (30) days prior to filing its report with the Court, the Special Master shall serve a draft report on one designated representative of counsel for Plaintiffs, and one designated representative of counsel for Defendants, and shall afford counsel twenty (20) days to submit specific written objections.  Thereafter, the Special Master shall serve and file the report and recommendation in accordance with Rule 53(f) of the Federal Rules of Civil Procedure.  The Special Master's reports shall be final unless, no later than twenty (20) days after service of the report and recommendation, a party files written objections with the Court.  If any party files objections, the opposing party shall have twenty (20) days to file a reply to the objections with the Court.  If objections are filed, the Court will consider the matter de novo, and issue an order adopting the report and recommendation in full or as modified, or

rejecting the report.

        D.    The duties set forth herein may be further specified, expanded, or modified only by Order of this Court.

    3.    **Powers of the Special Master:**   The powers of the Special Master are to be used only as necessary to perform his duties as the Special Master in this case and shall be limited to the following:

        A.    To meet with counsel for the parties, and other representatives of the parties, in person or in a telephonic conference, to discuss any issue relevant to the Special Master's duties.

        B.    To retain or employ assistants, administrative support staff, or any other person whose advice or assistance the Special Master deems necessary to the effective fulfillment of the Special Master's duties. The Special Master shall inform the parties in writing at least fourteen (14) days before he or she petitions the Court to employ such persons. The requirements of Rule 706 of the Federal Rules of Evidence shall apply if the Special Master retains persons who are to provide substantive or expert assistance, consultation, investigation, reporting, or testimony. The parties shall submit their opposition to the Court fourteen (14) days after receiving the Special Master's notice that he or she intends to retain such persons. All such persons, as well as the nature of their compensation, shall be approved by the Court in advance of their retention or employment.

        C.    To hold and conduct evidentiary hearings with respect to the amount of fees and costs to be awarded pursuant to Section 2 of this Order. In the event such an evidentiary hearing may be deemed necessary, the following procedures shall be followed:

           i.    The parties shall be entitled to reasonable discovery relevant to the

pending dispute before any hearing before the Special Master, including production of documents and depositions. The Special Master shall have the authority to regulate discovery as provided in Rule 53(c) of the Federal Rules of Civil Procedure.

        ii.    Any hearing before the Special Master shall take place in the presence of a certified court reporter. The reporter's transcript and any documents or other materials accepted into evidence by the Special Master shall constitute the record of the hearing.

        iii.    The Special Master shall have the power to require the attendance of witnesses, including but not limited to members of the plaintiff class confined by the Illinois Department of Corrections, as provided in Rule 53(c) of the Federal Rules of Civil Procedure.

        iv.    At any such evidentiary hearing, the Federal Rules of Evidence shall apply, unless the parties stipulate to the admission of evidence, or the Special Master makes a specific finding that evidence should be admitted, which would not otherwise be admissible under the Federal Rules of Evidence. Any such specific finding shall be supported by a statement as to why the Special Master finds such evidence reliable, and why evidence would be admissible under the Federal Rules of Evidence is either not available or would be unduly burdensome or expensive to obtain. Oral testimony (if any) may be taken via video in any such proceeding.

    D.    The powers described herein may only be modified by order of this Court.

    E.    In exercising the powers enumerated herein, the Special Master may act by himself, or through employees of, or assistants to the Special Master who are approved by the Court. All actions of such assistants shall be supervised and coordinated by the Special Master in order to accomplish the objectives of this reference.

    F.    The Special Master may communicate ex parte with the Court, subject to the

limitations set forth in Section 4(E) of this Order, as set forth below.

    4.    **Dispute Resolution Procedures:** The Special Master may utilize dispute resolution methods as set forth herein.

    A.    Before using any dispute resolution methods, the Special Master shall provide, in writing delivered by email or fax to a designated attorney representative of the opposing party, notice which shall contain a statement setting forth the specific issue to be addressed, and the method by which the Special Master proposes to proceed. The parties shall, within twenty (20) days of receipt of this notice, meet and confer with the Special Master to address the procedures to be used for addressing the dispute:

    i.    Informal meet-and-confer among the parties and the Special Master and/or experts.

    ii.    Investigation and report by the Special Master and/or his assistants.

    iii.    Formal mediation by the Special Master.

    iv.    Fact-finding hearing by the Special Master with a report and recommendation to the Court, and de novo review of the said report and recommendation by the District Court.

    B.    If the parties are unable to agree on a procedural option to utilize to resolve the issue, the Special Master shall choose the appropriate procedural option.

    C.    The Special Master may attend any meeting between counsel held for the purpose of resolving any dispute regarding the amount of attorneys' fees and costs to be awarded to Plaintiffs.

    D.    The Special Master may informally investigate or direct a person hired under

Section 3(B) of this Order to investigate a disputed issue and prepare a report based on that investigation.

        E.      The Special Master may require the parties to submit mediation briefs prior to any mediation session. Either party may elect to submit a confidential mediation brief. The Special Master may not rely on ex parte communications received during mediation as a basis for any finding of fact in a formal fact-finding hearing. Unless all parties stipulate to extend the time, mediations must be complete within thirty (30) days of their initiation.

        F.      The Special Master may hold an evidentiary hearing regarding one or more issues in dispute. The following procedures shall apply to fact-finding hearings:

        i.      Upon the conclusion of a meet-and-confer process or mediation, the parties, upon consent by the Special Master, may initiate a formal fact-finding and report process with the Special Master.

        ii.      The Special Master shall not base any findings of fact, conclusions of law, orders, or recommendations regarding the dispute on any ex parte communication it may have had with the Court, or upon any other matters not of record. Instead, any findings, conclusions, orders or recommendations shall be supported by the record evidence in declarations and/or testimony received at evidentiary hearings.

        iii.      No later than twenty (20) days after the Special Master determines that a dispute shall be the subject of a fact-finding hearing, the parties, in consultation with the Special Master, shall jointly prepare a proposed schedule providing deadlines for discovery (including production of documents and depositions), briefing, evidentiary hearing, findings of fact, conclusions of law, and recommendations to the Court. The Special Master shall

promptly resolve any disputes regarding procedure, and issue a management order addressing the schedule for discovery, briefing, hearing, findings of fact, conclusions of law, and recommendations to the Court. A party may seek review of the dispute management order by noticed motion to the Court.

    iv. The parties shall be entitled to reasonable discovery relevant to the pending dispute before any fact-finding hearing before the Special Master, including production of documents and depositions. The Special Master shall have the authority to regulate discovery as provided in Rule 53(c) of the Federal Rules of Civil Procedure.

    v. Any hearing before the Special Master shall take place in the presence of a certified court reporter. The reporter's transcript and any documents or other materials accepted into evidence by the Special Master shall constitute the record of the hearing.

    vi. Upon completion of briefing and hearing, the Special Master shall have thirty (30) days to file with the Court and serve on an attorney designated by each party findings of fact, conclusions of law, and a recommendation to the Court for resolution of the dispute. Any recommendation must be supported by findings of fact. All findings of fact shall be supported by evidence submitted in the record of the hearing, or by declaration. Findings of fact may not be supported by ex parte communications.

    vii. The parties shall have twenty (20) days after service to file and serve objections to the Court regarding the findings, conclusions, and recommendation. Each party shall have ten (10) days after service of the other parties' objections to file and serve replies to the objections. The parties shall indicate in their replies whether oral argument is requested.

    viii. Any finding of fact, conclusion of law, recommendation, or procedural

order that is subject to objection shall be reviewed de novo by the Court.

     5.    **Compensation of the Special Master:** The Special Master shall receive reasonable compensation at a rate to be set by the Court. All reasonable expenses incurred by the Special Master in performing his duties shall be reimbursed. The Special Master's fees and expenses shall be borne by the Defendants as part of the costs of this action. The Special Master periodically, and in no event less frequently than once every three months, shall submit to the Court and serve on the designated representatives of Defendants and Plaintiffs, an itemized statement of the Special Master's fees and expenses, which shall be payable upon receipt.

    **IT IS SO ORDERED.**

    DATED: February 15, 2011

    /s/ G. Patrick Murphy
    G. PATRICK MURPHY
    United States District Judge