## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT WESTEFER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL NO. 00-162-GPM** |
| **vs.** | ) | |
| | ) | **Consolidated with:** |
| **DONALD SNYDER, et al.,** | ) | **CIVIL NO. 00-708-GPM** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court following remand of this case from the United States Court of Appeals for the Seventh Circuit. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012).  Plaintiffs consist of all prisoners in the custody of the Illinois Department of Corrections ("IDOC") who have been or who may be transferred to the closed maximum security prison ("supermax prsion") at Tamms Correctional Center ("Tamms").  Defendants are present and former officials and employees of the IDOC.

Plaintiffs sought relief pursuant to 42 U.S.C § 1983, alleging that Defendants  violated their right to procedural due process under the Fourteenth Amendment to the Constitution by employing constitutionally inadequate procedures when assigning IDOC inmates to the supermax prison at Tamms.  On July 20, 2010, this Court issued its findings of fact and conclusions of law  with respect to the class-wide procedural due process claims (Doc. 540).  This Court held the conditions at Tamms impose an atypical and significant hardship on inmates, which thus gives rise to a due process liberty interest in avoiding transfer to the prison (*See* Doc. 540).  The Court found IDOC's

procedures for making transfer decisions constitutionally deficient and entered an injunction that articulated the procedures Defendants were to follow in remedying this problem (*See* Doc. 540).

Defendants appealed this Court's decision, challenging *only* the terms of the Court's injunction. *See Westefer*, 682 F.3d at 679. On June 6, 2012, the United States Court of Appeals for the Seventh Circuit held the following, with respect to the scope and specificity of the Court's injunction: it exceeded the requirements to remedy the due process violation, it was contrary to the terms of the Prison Litigation Reform Act ("PLRA"), and it was contrary to Supreme Court precedent about "remedial flexibility" and "deference to prison administrators[.]" *Id.* at 681. The Seventh Circuit vacated this Court's injunction and remanded this matter with instructions to enter an injunction consistent with the Opinion remanding this case. *Id.* at 686.

On July 2, 2012, Plaintiffs filed a motion for injunctive relief (Doc. 628) and Defendants promptly filed a response (Doc. 629). On July 20, 2012, the Court held a hearing on Plaintiffs' motion (Doc. 628). The Court subsequently ordered Defendants to submit a proposed remedial plan that addresses the due process violations of IDOC inmates at Tamms in light of the Seventh Circuit's Opinion remanding this case (Doc. 634). After Defendants' submission of a remedial plan, the Court allowed Plaintiffs 14 days to file a response (Doc. 634).

Plaintiffs' objections to Defendants' remedial plan primarily concern the time frame with which Defendants must amend the Illinois Administrative Code to reflect Defendants' proposed changes (*See generally* Doc. 636). Plaintiffs, however, lodge one specific objection to Defendants' proposed plan (Doc. 636). This one specific objection concerns the frequency with which inmates at Tamms will receive reviews regarding continued placement at Tamms (Doc. 636).

Under Defendants' proposed remedial plan, inmates "will be provided an annual review of their continued placement at Tamms." (Doc. 635, ¶ f).  According to Defendants, "[t]he Illinois Administrative Code currently provides for a file review every 90 days and an annual hearing." (Doc. 635, ¶ f)(citing 20 Ill. Admin. Code 505.70).  However, Defendants intend "to seek an amendment to the current rule eliminating quartley reviews." (Doc. 635).

Plaintiffs contend that annual paper reviews are insufficient to comply with due process (Doc. 636).  Instead, Plaintiffs suggest that an inmates' placement at Tamms should be reviewed at least every 30 days (Doc. 636).  Moreover, Plaintiffs suggest that reviews should require an in-person interview with the inmate and include input from mental health staff (Doc. 636).  In this vein, Plaintiffs propose the Court require Defendants "to maintain certain records and provide periodic reports for monitoring purposes, so that the Court and Plaintiffs' counsel can determine whether the remedial plan is in fact being implemented." (Doc. 636, ¶ 8).  Plaintiffs suggest procedures for implementing this monitoring plan (*See* Doc. 636, ¶ 8(a) - (c).

Plaintiffs' suggestion for periodic reviews, however, is exactly contrary to the Court of Appeals Opinion remanding this case.  *See Westefer*, 682 F.3d at 685-86.  The Seventh Circuit clearly stated the "frequency is committed to the administrative discretion of the prison officials[.]" *Id.* at 686 (internal quotations and citations omitted).  The "periodic review need only be sufficiently frequent that administrative segregation does not become 'a pretext for indefinite confinement of an inmate' at Tamms." *Id.* (quoting *Hewitt v. Helms*, 459 U.S. 460, 477, n.9 (1983)).

The Court also cannot adopt Plaintiffs' suggestion that requires Defendants to submit proposed amendments to the Illinois Administrative code within 30 days.  The Seventh Circuit's Opinion remanding this case clearly directed this Court to "do no more than to order IDOC officials"

to craft a remedial plan "in general terms and to verify that the plan they submit satisfies the relevant constitutional standards." *Westefer*, 682 F.3d at 686.  Plaintiffs' suggestion, therefore, is directly inapposite the Seventh Circuit's Opinion remanding this case.

In reviewing Defendants' proposed remedial plan (Doc. 635), the Court finds Defendants plan is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A); *see also Westefer*, 682 F.3d at 683.  Under Defendants' plan, inmates will be given a transfer review hearing within 15-21 days, depending on the inmates status. (Doc. 635, ¶ a).  Inmates will also receive advanced written notice of the hearing that includes the reason for placement at Tamms, and a statement informing the inmate of the opportunity to ask the transfer review committee to interview certain persons (Doc. 635).  Inmates are given the opportunity to appear at the transfer review hearing to make statements and present documents (Doc. 635).  The transfer review committee will then issue a final decision within 30 days (Doc. 635).  Finally, inmates will receive an annual review of their continued placement at Tamms (Doc. 635).

Defendants have outlined a plan that provides "informal, nonadversarial due process" while at the same time allowing for "substantial discretion and flexibility in the hands of the prison administrators." *Westefer*, 682 F.3d at 684-85.  And although "only a single prison official is needed as the neutral reviewer" *id*. at 685, Defendants have instead proposed an entire committee preside over an inmate's transfer review hearing.  Finally, allowing for annual placement review is sufficient because the frequency of these reviews *must* be left to prison administrators. *Id*.; *Smith v. Shettle*, 946 F.2d 1250, 1255 (7th Cir. 1991)("To conclude, however, that the due process clause fixes thirty days as the minimum frequency of the required review would be to legislate in the name of the

Constitution at an excessive level of detail . . . .").

Accordingly, the Court **ADOPTS** Defendants' proposed remedial plan (Doc. 635) in full as the appropriate grant of equitable relief necessary to correct the violation of the Fourteenth Amendment due process rights of IDOC inmates placed at Tamms and fully articulated by this Court in its July 20, 2010 Order (*See* Doc. 540).  The Court will retain jurisdiction over this matter for the purpose of enforcement.  This injunction shall terminate in two years upon the motion of either party unless the Court finds that prospective relief is needed to correct an ongoing violation of a federal right.  *See* 18 U.S.C. § 3626(b)(1)(A)(i).


**IT IS SO ORDERED.**

**DATED**: October 15, 2012


/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge